UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

QUINTIN J. BALLENTINE,

               Plaintiff,

v.

BOWERY RESIDENTS' COMMITTEE,
JULIE SALAMON, ERIC ADAMS, and
KATHY HOCHUL,

               Defendants.

**MEMORANDUM & ORDER**
25-CV-3034 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Quintin Ballentine brought this *pro se* action against Defendants Bowery Residents' Committee; Julie Salamon, Chair of the Bowery Residents' Committee; Mayor Eric Adams; and Governor Kathy Hochul. ECF No. 1 (Complaint; "Compl."). Plaintiff's application to proceed *in forma pauperis* ("IFP") is granted. ECF No. 2 (IFP Motion). However, for the reasons stated below, Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

## **BACKGROUND**[1]

Plaintiff sues Defendants for alleged violations of the Eighth Amendment to the United States Constitution, the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and 18 U.S.C. § 242, which "makes it a crime for a person, acting 'under color of any law,' to 'willfully' deprive an individual of 'any rights, privileges, or immunities secured or

---

[1] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). Unless otherwise indicated, when quoting cases and Plaintiff's complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

protected by the Constitution or laws of the United States.'" *United States v. Scott*, 833 F. App'x 884, 887 (2d Cir. 2020) (quoting 18 U.S.C. § 242).

Plaintiff asserts that while living at a men's shelter in Brooklyn, he "witnessed unsanitary living conditions"; saw "individuals with severe mental illness being neglected"; did not "see a case worker"; "had [his] possessions stolen"; was "ignored," "laughed at," and "ridiculed" by staff; was "threatened by other individuals at the shelter"; was not transferred despite his transfer request; was "punished due to [his] disability" and denied "reasonable accommodations due to [his] illnesses," including "Post Traumatic Stress Disorder as well as anxiety"; and finally, "contracted a respiratory illness due to the mold on the vents, lack of ventilation, poor maintenance of the water purification system, and human waste in the bathrooms." Compl. at 5–6. As a result, Plaintiff alleges he suffered "emotional distress, respiratory disorder, pain and suffering," and "lost wages," for which he seeks $1,300,500 in damages. *Id.* at 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

However, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

For the following reasons, Plaintiff fails to state a claim upon which relief may be granted. First, Plaintiff alleges a violation of the Eighth Amendment's ban on cruel and unusual punishment, but those protections only apply to convicted prisoners. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt."). Here, Plaintiff makes no allegation that he has been convicted of a crime, so his reliance on the Eighth Amendment is misplaced. Second, Plaintiff cannot bring a claim under 18 U.S.C. § 242, because that criminal statute does not confer a private right of action. *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."). Third, to the extent Plaintiff claims that Defendants deprived him of his constitutional rights by maintaining poor conditions in the shelter, that claim also fails. Indeed, "[c]ourts have long held . . . that there is no constitutional right to adequate or safe housing." *Mercer v. New York City Hous. Auth.*, No. 22-cv-3202, 2022 WL 1556886, at *2 (S.D.N.Y. May 16, 2022) (holding that plaintiff failed to state a claim that the New York City Housing Authority violated his constitutional rights where elevated levels of lead were allegedly detected in his apartment).

Fourth, Plaintiff fails to state claims under the FHA and ADA. The FHA prohibits housing discrimination based on "a handicap," among other protected characteristics. 42 U.S.C. § 3604(b), (f)(2). "To state a claim under the FHA, a plaintiff must plausibly allege that: (1) he

was a member of a class protected by the FHA, and (2) he suffered an adverse housing action because of his membership in that protected class." *Jallow v. Geffner*, No. 23-cv-3969, 2024 WL 37073, at *15 (S.D.N.Y. Jan. 2, 2024). Similarly, "Title III of the ADA proscribes discrimination against the disabled in public accommodations," including homeless shelters. *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 85 (2d Cir. 2004) (citing 42 U.S.C. § 12182(a)); *see* 42 U.S.C. § 12181(7)(K). To properly allege a violation of the ADA, Plaintiff must demonstrate that: "(1) [he] is a qualified individual with a disability; (2) the defendant is subject to [the ADA]; and (3) [he] was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of [his] disability." *Dyce v. Doe*, No. 23-cv-8730, 2024 WL 1468305, at *3 (E.D.N.Y. Apr. 4, 2024). Here, Plaintiff alleges he was "punished due to [his] disability" and denied "reasonable accommodations due to [his] illnesses," including "Post Traumatic Stress Disorder as well as anxiety." Compl. at 5–6. However, he pleads no specific facts describing how he was punished and denied reasonable accommodations, or by whom, or how those adverse actions were "due to [his] disability" and "illnesses." *Id.* Thus, the Court dismisses Plaintiff's claims under the FHA and ADA.[2]

Fifth, and finally, although Plaintiff sued Mayor Adams and Governor Hochul, he does not allege any facts suggesting that they individually harmed him. So, any claims against those Defendants are also dismissed. *See Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

---

[2]     Even if Plaintiff had adequately pled a cause of action under Title III of the ADA, the only remedy available under Title III is injunctive relief, not the money damages that Plaintiff seeks. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages . . . .").

4

## **CONCLUSION**

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint on or before August 28, 2025. In the amended complaint, Plaintiff must provide facts sufficient to allow the Court and Defendants to understand the basis for Plaintiff's claims. Plaintiff must also provide the date and location for each relevant event, the relief he seeks, and a brief description of what each Defendant did or failed to do in violation of his rights. The amended complaint shall replace the complaint as the operative pleading in this action. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Order, No. 25-CV-3034 (HG). If Plaintiff fails to file an amended complaint within the time allowed or show good cause for an extension of time, the Clerk of Court shall be directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order, along with a General Complaint form, to *pro se* Plaintiff and to note the mailing on the docket. The Court is contemporaneously sending this Memorandum and Order to the email address that Plaintiff provided in his complaint through the Court's electronic case filing system.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance. The Court

notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

SO ORDERED.

/s/ *Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 29, 2025